Ruffin, Chief Justice.
 

 — We think the plaintiff has a right to all the slaves, as well as to those two,for which he got a verdict. Shelton- held under a bailment up to his death. The message sent to him, and his will, do not constitute a gift under the- act of 1806,
 
 (Rev. ch.
 
 701.) That requires a writing, signed by the donor; and attested by
 
 *469
 
 at least one witness, proven or acknowledged as convey-anees of land, and registered in the office of the public register, within one year. In no one of these several particulars, does this case come up to the statute. It is argued, that the writing need not literally be signed by the donor’s own hand, but it may be by another, under his authority; and, as a deed is not necessary to a gift, that the authority may be by parol, as under the act of 1819,
 
 (Rev. eh.
 
 1016). It need not be questioned, that a gift may be made through the instrumentality of an attorney ; though such a case is so little likely to occur, as to render it highly improbable that it was in the contemplation of the legislature. But we deem it clear, that the attorney cannot be constituted by
 
 viva voce
 
 declaration merely. There must be an' act in writing from the donor himself. The statute is positive and precise in its language. The English statute of frauds and our act of 1819, both, have the words “ or by some person by him thereunto lawfully authorisedand it is by force of those words, it has been held, that the authority need not be in writing, if, at common law, an authority to do the same act would be sufficient, when delegated by word only. Those statutes require the contract to be in writing; but, at the same time, affirm one made by an agent and signed by the agent, without requiring the agency to be established by writing. The sole object was to put the terms of the contract beyond dispute. The act of 1806 has no such clause; but requires a writing “ signed by the donor” himself. The object is to protect the donor and his creditors from fraud or perjury, as to the question, whether the act is his, as well as in respect of the particular terms of the gift. His signature, either to the instrument, importing, in itself, to be a gift, or to one under which the immediate gift is made, is, therefore, indispensable. This is a broad principle, upon which the case is for the plaintiff. But if the authority to Shelton was valid, it has not been properly executed. An authority to give, must be to give in the name of the donor; and the donee is in, under the donor and not under the agent. A gift or a legacy from the agent is entirely a different thing, in form and substance. It must be taken subject to the legal title - and
 
 *470
 
 assent of the executor, and to the claims of creditors; whereby the gift itself might be defeated.
 

 But it was argued by the counsel for the defendant, that the express consent of the plaintiff to this disposition, made it a fraud in him to defeat it; as in the case of an owner standing by at the sale of his estate, and wilfully concealing his title. On whom is it a fraud
 
 1
 
 It can only be, on those to whom it occasions a loss. Neither the testator nor his executor, the defendant, is in that situation. Neither of them parted with any thing for these slaves, nor has been prevented from receiving all that would otherwise come to him, had the plaintiff resumed the possession of the slaves in the lifetime of Shelton. In a legal sense, therefore, there has been no fraud on the defendant, either in his individual or representative capacity; none, that does not exist in every case of a parol gift, subsequently retracted.
 
 Row
 
 v.
 
 Potts,
 
 2 Vern. 239.
 

 It is said, however, that the testator might have made a different division of his own property, amongst his two sets of children, had he not considered the provision made, at the instance of the plaintiff, for some of them, in these slaves valid. The case is silent as to his other property, and as to his intentions with respect to it: and we cannot decide upon a supposed and possible state of facts. But if the supposition were true, it could not affect the legal right, as between these parties. The utmost that could follow, would be to give the beneficial donees of the testator, the right to call on the plaintiff not to disappoint this provision, or to make good another which their father intended to make for them, and would have made, but for his interference ; as in the case cited at the bar, of the heir at law, who prevented a testator from inserting a legacy into his will, by promising to pay it, without any alteration of the will. Whether that principle has any application to a case of this sort, it is unnecessary to determine. For if it has, the record states no facts to raise the question; and if it did, it is not a question which concerns the title in this court. The donee cannot claim the legal property in the thing given, but only compensation out of it, for
 
 *471
 
 that which would have been given. The judgment must be reversed, and a new trial granted.
 

 Per Curiam. Judgment reversed.